**NOT FOR PUBLICATION**                                    **CASE CLOSED**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
ANDREW MAJKUT,                              :
                                            :
                    Petitioner,             :
        v.                                  :        CIVIL ACTION NO. 07-4048 (JAP)
                                            :
GEORGE HYMAN, *et al.*,                     :        **OPINION**
                                            :
                                            :
                    Respondents.            :
_____:

PISANO, District Judge.

On August 20, 2007, *pro se* Petitioner, Andrew Majkut ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254 against Respondents, George W. Hayman, Commissioner for the New Jersey Department of Corrections, and Stuart Rabner, Attorney General of the State of New Jersey (collectively, "Respondents"). Upon review of the parties' submissions, the Court denies the Petition as time-barred.

## I. Background

On March 12, 2001, following a jury trial in Middlesex County Superior Court, Petitioner was convicted of: (1) burglary in violation of N.J.S.A 2C:18-2; (2) armed robbery in violation of N.J.S.A. 2C:15-1; (3) aggravated assault in violation of N.J.S.A. 2C: 12-1(b)(2); (4) terroristic threats in violation of N.J.S.A. 2C:12-3(b); (5) unlawful possession of a weapon in violation of

-1-

N.J.S.A. 2C:39-5(d); (6) possession of a weapon for unlawful purpose in violation of N.J.S.A. 2C:39-4(d); and, (7) criminal restraint in violation of N.J.S.A. 2C: 13-1(b).  Petitioner was sentenced to an aggregate term of incarceration of twenty-four years with a thirteen year and six month period of parole ineligibility, for the armed robbery charge, pursuant to the No Early Release Act.  N.J.S.A. 2C:43-7.2.

Petitioner filed for appeal to the Appellate Division on April 24, 2001.  On August 21, 2001, Petitioner filed a motion for a limited remand to the Superior Court of New Jersey, Law Division, Middlesex County, and a stay of appeal in order to permit him to file a petition for post-conviction relief ("PCR").  On September 21, 2001, the Appellate Division granted Petitioner's motion for remand and his pending appeal was dismissed without prejudice.

On May 17, 2002, the trial court heard Petitioner's argument for PCR.  Petitioner claimed that his trial counsel, A. Kenneth Weiner, denied him effective assistance in several ways, including: (1) failure to meet with Petitioner often enough to prepare for the trial or decide to accept a plea; (2) failure to move to quash Petitioner's confession; (3) failure to interview important witnesses regarding Petitioner's head injury and substance abuse problems; (4) failure to call character witnesses; (5) failure to find and submit evidence as to Petitioner's capacity to act purposefully or knowingly; and, (6) conceding Petitioner's guilt during summation.  The court denied the petition without an evidentiary hearing, specifically stating that Petitioner failed to meet the burden of demonstrating prejudice to the defense.  PCR Tr., 24: 21-22, 25: 16-19.

Petitioner appealed the May 17, 2002 decision to the Appellate Division on June 3, 2002. The court affirmed the order denying PCR in a *per curium* opinion stating that the court agreed with the trial judge's decision to deny the evidentiary hearing because the "alleged shortcomings,

viewed singly or in combination, do not demonstrate ineffective assistance." *State v. Majkut*, No. A-5841-01T3, slip op. at 6 (N.J. Super. Ct. App. Div. June 3, 2002).  The Appellate Division explained that "nothing in [Petitioner's] application created a prima facie showing of remediable ineffective assistance and… no evidentiary hearing was required." *Id.* at 8.  The court remanded the case to the trial court for reconsideration of the imposed consecutive terms for the burglary and armed robbery charges. *Id.* at 9.  On September 28, 2003, the Petitioner was resentenced to concurrent sentences of a length of sixteen years, with an eighty-five percent parole disqualifier. Petitioner did not seek further review by the New Jersey Supreme Court.

On August 20, 2007, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that his trial counsel was ineffective because counsel failed to interview important witnesses, submit medical records of Petitioner's head injury on the date of his arrest, and present evidence of Petitioner's mental disease or defect. Additionally, Petitioner argues that counsel conceded Petitioner's guilt during summation. Further, Petitioner alleges there is newly discovered evidence of ineffective counsel including: (1) trial counsel's alleged drug and gambling addiction; (2) trial counsel's conviction of criminal conduct regarding his ineffective representation during the same time as his representation of Petitioner; (3) medical records demonstrating Petitioner's mental disease or defect at the time of the offense; (4) that the confession was coerced and not knowing and voluntary because of Petitioner's head injury, which occurred several hours prior to the interview; and, (5) that there was no probable cause to arrest Petitioner because the victim failed to identify him.

Petitioner contends that the Petition is timely because he only recently became aware that the "Prosecutor's office was coaching [trial counsel] on how to respond" to the PCR petition,

trial counsel's alleged addictions only became public knowledge in 2001, and trial counsel pleaded guilty to criminal charges in 2006." Petition at 4-5. Petitioner requests an evidentiary hearing as to these claims, and also requests that his conviction be vacated and remanded for a new trial.

Respondents oppose the Petition and deny the allegations Petitioner sets forth. They also contend that the one-year statute of limitations within which Petitioner could have filed his Petition has run and that no new evidence has arisen which would have allowed Petitioner an extension to the statutory time period. Respondents also contend that the disbarment of trial counsel at a later date is not conclusive of ineffectiveness at the time of the trial.

## II. Discussion

### A. Standard of Review Under 28 U.S.C. § 2254

A federal district court has jurisdiction over a petition for a writ of habeas corpus filed by an individual "in custody pursuant to the judgment of a State court" only if he is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (finding that a federal court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" in review of a habeas petition); *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001) ("Section 2254 confers jurisdiction on district courts to issue writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (internal quotations

omitted)).  Federal courts do not have "supervisory authority" over state judicial proceedings and may only intervene "to correct wrongs of constitutional dimension."  *Smith v. Phillips*, 455 U.S. 209, 221 (1982), *cert. denied sub nom. Phillips v. Smith*, 465 U.S. 1027 (1984).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."  *Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982).

"A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Additionally, the Third Circuit has "stated that 'it is well established that a state court's misapplication of its own law does not *generally* raise a constitutional claim.'"  *Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997) (quoting *Geschwendt v. Ryan*, 967 F.2d 877, 888-89 (3d Cir. 1992)).  Therefore, a federal court may not re-characterize a ground asserted under state law into a federal constitutional claim.  *See Johnson*, 117 F.3d at 110 ("[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause.").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 and limits a federal court's authority to grant habeas relief "with respect to any claim that was adjudicated on the merits in State court proceedings."  28 U.S.C. § 2254(d).  An adjudication on the merits is "a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." *Rompilla v. Horn*, 355 F.3d 233, 247 (3d. Cir. 2004) (internal quotations omitted), *rev'd on other grounds sub nom. Rompilla v. Beard*, 545 U.S. 374 (2004) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 311 (2d Cir. 2001)).  Moreover, a "state court may render an adjudication or decision on the

merits of a federal claim by rejecting the claim without any discussion whatsoever." *Id.* However, if the claims were only presented, but not addressed "federal courts undertake a de novo review of the claim." *Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006).

### B. Legal Analysis

i.    <u>Statute of Limitations Analysis</u>

Petitioner asserts that his claim is governed by 28 U.S.C. § 2254(d)(2).  Pet. Br. at 8. Under AEDPA, Petitioner must demonstrate that the trial court's decision is an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  Petitioner must rebut the "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  Nevertheless, "deference [to the State court's decision] does not by definition preclude relief."  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

The statutory limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;…

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In order to establish the timeliness of Petitioner's § 2254 petition, the Court must determine both when the judgment became final and the time period during which Petitioner's PCR claim was properly filed and pending.[1]  Judgment becomes final under § 2244(d)(1)(a) when either the direct review concludes or the time period for filing for discretionary review expires "even when discretionary review is not sought."  *Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).

Under § 2244(d)(1)(a), the statutory time period has run and Petitioner is no longer entitled to relief pursuant to § 2254.  Petitioner's direct appeal was decided on July 1, 2003, and he had twenty days within which to file a Notice of Petition for certification with the New Jersey Supreme Court, *see* N.J. Ct. R. 2:12-3(a), and another ninety days during which he could have sought review from the United States Supreme Court, *see* Sup. Ct. R. 13 (1).  This would have amounted to a total tolling of 110 days.  In spite of Petitioner's decision not to seek review from higher courts, the judgment only becomes final when the time period for filing discretionary review expires, even if that review is not sought.  Thus, the decision from the Appellate Division became final on October 19, 2003, 110 days after Petitioner's direct appeal was decided on July 1, 2003.  Petitioner had one year from that date to file his Petition; therefore, Petitioner's time to

---

[1] The term "pending" indicates "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

file his § 2254 Petition expired on October 19, 2004.  Petitioner, however, did not file his

Petition until August 20, 2007, nearly three years after the statutory time period had run.[2]

Petitioner argues that his deadline to file is subject to equitable tolling.  *See Fahy v. Horn*,

240 F.3d 239, 244 (2001), *cert. denied sub nom. Horn v. Fahy*, 534 U.S. 944 (2001) ("[T]he one

year filling deadline contained in 28 U.S.C. § 2244(d)(1) can be subject to equitable tolling.");

*see also Miller v. N.J. Dep't Corr.*, 145 F.3d 616, 618 (3d Cir. 1998) ("Congress intended the

one year period of limitation to function as a statute of limitation, and thus be subject to equitable

tolling.").  In order to seek equitable tolling, a petitioner "bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).  Equitable

tolling is only available when "principles of equity would make the rigid application of a

limitation period unfair." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (citing *Miller*, 145

F.3d at 618).  Extraordinary circumstances may include "if (1) the defendant has actively misled

the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his

rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."

*United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Kocian v. Getty Refining &*

*Mktg. Co.*, 707 F.2d 748, 753 (3d Cir. 1983))  Courts have "consistently rejected" that attorney

error constitutes an extraordinary circumstance. *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d

---

[2] Section 2244(d)(2) is only applicable in order to ensure that the time during which a claim for PCR is pending is "not counted toward any period of limitation."  28 U.S.C. § 2244(d)(2).  Section 2244 is inapplicable in this case because Petitioner pursued his PCR claim prior to filing for appeal.  Petitioner only pursued review by the Appellate Division after his PCR claim was no longer pending, thus the time during which the PCR claim was pending was not counted toward the limitations period, and as such the Petition is time-barred.

Cir. 2002); *see also Fahy*, 240 F.3d at 244 (stating that in non-capital cases, attorney error has not been found to rise to the level necessary to constitute extraordinary circumstances).

Petitioner claims that trial counsel's disbarment, conviction, and the discovery of a letter where trial counsel was allegedly "coached" by the Prosecutor prior to his PCR hearing are all newly discovered evidence from which he should be able to raise an equitable tolling claim. Petitioner, however, has not demonstrated that he was actively mislead, prevented from asserting his rights, or that he has made a timely petition in the incorrect forum; therefore, his allegations of newly discovered evidence are insufficient to establish extraordinary circumstances within the Court's meaning.  Thus, Petitioner may not invoke equitable tolling.

   ii.  <u>Ineffective Assistance of Counsel</u>[3]

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-prong test to establish a claim of ineffective assistance of counsel in violation of the Sixth Amendment, which was adopted by the New Jersey Supreme Court in *State v. Fritz*, 519 A.2d 336 (N.J. Sup. Ct. 1987).  *See* U.S. CONST. amend. VI (establishing the right to assistance of counsel).  First, the petitioner must demonstrate that counsel's performance was deficient. *Strickland*, 466 U.S. at 687.  In order to determine deficiency, the court must decide if, considering all the circumstances, counsel's assistance was reasonable under the established professional norms.  *Id.* at 688.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the Court must avoid "the distorting effects of hindsight."  *Id.* at 689.  "[S]trategic choices made after thorough

---

[3] Even had Petitioner been able to invoke equitable tolling, the evidence presented is insufficient to fulfill the two-prong *Strickland* test as the Court discusses, *infra*.

investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91.

On May 17, 2002, the Middlesex County Superior Court, Law Division ("PCR Court") heard Petitioner's argument for PCR.  The PCR court considered the majority of claims that Petitioner now raises before this Court and found the claims to be without merit after applying the *Strickland* test.  The PCR court stated that Petitioner failed "to meet the burden of demonstrating that but for the acts or omissions of counsel it is most likely the result would have been different.  The evidence of [Petitioner's] guilt was overwhelming based upon the victim's testimony [and] the [Petitioner's] confession."  PCR Tr., 24:7-12.

The court addressed trial counsel's decision not to present evidence of Petitioner's possible mental disease or defect.  This decision falls into the realm of counsel's strategic decision making and "strategic choices made after thorough investigation [...] are virtually unchallengeable." *Strickland*, 466 U.S. at 690.  The PCR Court found that Petitioner's trial counsel already explained his decision not to present this evidence at sentencing where counsel stated:

> [T]here were certain tapes that were produced in this matter shortly after the crime which were heard and which were the type of tapes that would lead me to believe that no reasonable jury or expert could testify that [Petitioner] was under the influence of alcohol or drugs so as to excuse any kind of intent or any element of the crime.

Sentencing Tr., 6:10-16.  Further, in his statement to Detective Robert Rigby, Petitioner "explained with specificity the details of the incident" as well as names, addresses, and

information regarding the disposal of evidence within "a few hours of the crime" and after his head injury had occurred and been treated.  PCR Tr., 19:14-21.  The amount of detail and precision present in this statement also explains trial counsel's decision not to include evidence as to Petitioner's head injury on the night of the crime.  The PCR court reasoned that ineffective assistance claims must avoid second-guessing defense counsel's tactical decisions, and that as evidenced by counsel's own words, this was a tactical decision.

Moreover, the PCR court found that trial counsel's concessions in summation were "an effort to defend against the most serious charges in the face of overwhelming damning evidence."  *Id.* at 24: 17-19.  Trial counsel explained in his summation: "I have heard the testimony as well and I know that it's impossible for you as jurors to go into that jury room and find Andy Majkut not guilty of all the counts, because Andy is guilty of some things" and "you heard from Andy through his tape recorded statement and you know that he did some bad stuff, but so did Soriano."  Trial Tr., 7: 18-22, 10: 14-16.  In light of Petitioner's taped confession, trial counsel conceded to the lesser third-degree crimes to which Petitioner had previously confessed and he placed "primary culpability on the absent co-defendant [Soriano]," which were both strategic defense decisions.  PCR Tr., 24: 20-21.  Because of Petitioner's confession, trial counsel chose to focus on those crimes that Petitioner had not directly confessed.  By placing emphasis on Soriano, trial counsel hoped to persuade the jury that Soriano was the main actor in regard to those events that took place inside the victim's home.  Thus, after careful review of this matter, the Court finds that even had Petitioner made a timely petition, he has failed to prove either prong of the *Strickland* test.[4]

---

[4] If Petitioner had been able to satisfy the first prong of the *Strickland* test, the Court would then consider whether the deficient performance of counsel prejudiced the defense.  *Strickland*, 466 U.S. at 687.

iii.    Newly Discovered Evidence

A state prisoner petitioning for a writ of habeas corpus must first "exhaust the remedies available in the courts of the state… unless there is an absence of available State corrective processes or circumstances exist that render such processes ineffective."  28 U.S.C. § 2254(b)(1); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining that petitioners are required to seek review in the state's highest court if such relief is part of the chain of appellate review).  Petitioner has not exhausted state remedies as required pursuant to § 2254(b) because he did not seek review from the New Jersey Supreme Court after his appeal of his conviction and the denial of PCR.

Moreover, Petitioner did not raise the issues of trial counsel's disbarment, criminal conviction, or alleged addictions in state court.  There is no time limit for a motion for a new trial based on newly discovered evidence under N.J. Ct. R. 3:20-2, and Petitioner is required to present new evidence to the state courts before bringing the claims before a federal court.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)) ("[B]efore you bring any claims to federal court, be sure that you first have taken each one to

---

Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome" of the trial.  *Id.* at 694.  The PCR court found that even if counsel's actions were deemed deficient, the record is devoid of any reasonable probability that but for counsel's errors the result of the trial would have been different, especially in light of the overwhelming evidence against Petitioner, including his taped confession.  PCR Tr., 24: 21-22.

Moreover, Petitioner's new evidence regarding trial counsel's recent disbarment and allegations of drug and gambling addiction, is not *per se* evidence of ineffectiveness.  *See United States v. Ross*, 338 F.3d 1054, 1056 (9th Cir. 2003), *cert. denied sub nom. Ross v. United States*, 540 U.S. 1168 (2004) (stating that although counsel was disbarred before trial, the Court's argument that "a lawyer suspended or disbarred *during* trial is not per se ineffective" holds true because defendants must still prove both prongs of the *Strickland* test (emphasis in original)).

-12-

state court.").  Nevertheless, § 2254(b) provides that "an application for habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b).

**III. Conclusion**

For the reasons stated above, it is therefore the finding of this Court that Petitioner's petition is time-barred under § 2244(d).  Therefore, the Court denies the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

/s/ JOEL A. PISANO
United States District Judge

Dated: July 9, 2008

-13-